**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JULIAN RUEDA**                                                                    **PETITIONER**
**ADC #140164**

**VS.**                        **CASE NO.: 5:12CV00367 DPM/BD**

**RAY HOBBS, Director,**                                                  **RESPONDENT**
**Arkansas Department of Correction**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.        <u>**Procedure for Filing Objections**</u>

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge D.P. Marshall Jr.  Any party may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.   **Background**

Petitioner Julian Rueda was arrested on July 24, 2006, as a result of a controlled

drug buy.  *Rueda v. State*, 2012 Ark. 144, at 1.  On October 31, 2006, an information was

filed charging Mr. Rueda with two offenses:  delivery of a controlled substance and

possession of drug paraphernalia.  *Id*.  The State amended the information on October 4,

2007, to add a charge for possession with intent to deliver a controlled substance.  *Id*.

A Benton County jury convicted Mr. Rueda of all three charges.  *Id*.  After a

sentencing hearing held October 11, 2007, Judge David S. Clinger entered a judgment

and commitment order sentencing Mr. Rueda to a total of 50 years imprisonment.

(Docket Entries #10-2 and #10-8)

Mr. Rueda appealed his conviction to the Arkansas Court of Appeals.  *Rueda v.*

*State*, 2009 Ark. App. 121, 2009 WL 475969 (unpublished).  On direct appeal, Mr. Rueda

argued: (1) the trial court violated his sixth amendment and due process rights because it

did not provide him with a certified interpreter at all of his proceedings and because there

was no state-certified translation of an audiotape of the drug buy; (2) ineffective

assistance of counsel; and (3) insufficient evidence to support his conviction.  *Id*. at *1.

The Court of Appeals ruled that Mr. Rueda's complaint that the trial court did not

provide a state-certified interpreter at all stages of the proceeding was not preserved for

2

appeal, because neither he nor his lawyer had objected or filed a motion objecting to the transcript with the trial court.[1]  *Id*. at *3.

As to Mr. Rueda's complaint that there was not a state-certified translation made of the audiotape of the drug buy, the Court of Appeals again ruled that the issue had not been preserved for appeal because neither Mr. Rueda nor his lawyer had requested a state-certified translation of the tape and neither had objected to the admission of an uncertified translation at trial.  *Id*.

The Court of Appeals also held that Mr. Rueda's ineffective assistance of counsel claim was not preserved for appeal since he had not raised the issue at trial and, at that time, had not filed a petition with the trial court under Arkansas Rule of Criminal Procedure 37.  *Id*. at *2.  Finally, the Court of Appeals held that there was sufficient evidence to support Mr. Rueda's conviction.  *Id*. at *1-2.

After his claims were rejected on direct appeal, Mr. Rueda filed a petition for post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure 37. (#10-4)  In the petition, Mr. Rueda asserted ten claims:  (1) trial counsel was ineffective for failing to file for a dismissal of the charges against him based on a violation of his right to a speedy trial and his right to due process by way of unfair prejudice; (2) trial counsel was ineffective for failing to conduct pretrial investigation; (3) trial counsel was

---

[1]Mr. Rueda conceded that a state-certified interpreter was present during his jury trial .

ineffective for failing to object to statements by the prosecutor made during closing

argument; (4) trial counsel was ineffective for failing to procure a certified interpreter for

all critical stages of the proceedings against him; (5) trial counsel was ineffective in

failing to advise him of a plea offer; (6) trial counsel was ineffective for failing to prepare

and present mitigating evidence during sentencing; (7) his right to due process was

violated by prosecutorial misconduct; (8) trial counsel was ineffective for failing to

question witnesses relevant to his defense; (9) trial counsel failed to inform him of a new

charge against him until the day before trial; and (10) trial counsel was ineffective for

failing to object to the trial court's order of consecutive sentences based solely upon his

taking the stand and exercising his right to testify. *Rueda v. State*, 2012 Ark. 144, at 2.

In an order entered December 20, 2010, the trial court denied Mr. Rueda relief on

his claim that his counsel was ineffective for failing to move to dismiss count three of the

amended information on speedy trial grounds.[2]  (#10-5)  The trial court denied Mr.

---

[2]Both Mr. Rueda and the State filed briefs on the issue of speedy trial, and on
January 28, 2010, the trial court held a hearing on the issue.  At the conclusion of the
hearing, the trial court ruled from the bench in Rueda's favor.  The State subsequently
filed a motion for reconsideration of the trial court's ruling, citing to the trial court a prior
decision it had made in another defendant's case.  A hearing on Rueda's remaining claims
was held on December 15, 2010, and at the beginning of the hearing the trial court signed
an order denying Rueda's petition for postconviction relief on his allegation of ineffective
assistance of counsel based on the failure to file a motion to dismiss for speedy trial.  The
trial court's order was filed of record on December 20, 2010.  *Rueda*, 2012 Ark. 144 at 2-
3.

Rueda's other claims of ineffective assistance of counsel in an order dated January 13,

2011, but never ruled on Mr. Rueda's due process claims.  (#10-6)

Mr. Rueda raised only one point in his appeal of the trial court's denial of his Rule

37 petition to the Arkansas Supreme Court – that the trial court erred in finding that his

trial counsel's failure to file a motion to dismiss the possession with intent to deliver

charge asserting a speedy trial violation did not violate his Sixth Amendment right to

effective assistance of counsel.  *Rueda*, 2012 Ark. at 1.  The Arkansas Supreme Court

affirmed the trial court's denial of relief, holding that a motion to dismiss based on a

violation of the speedy trial rules lacked merit, and, therefore, his counsel was not

ineffective for failing to raise it.  *Id*. 2012 Ark. at 1, 6-10.

In this petition, Mr. Rueda alleges five grounds for relief:  (1) the Arkansas rules

governing his right to a speedy trial violate his Fourteenth Amendment right to due

process; (2) he was convicted in violation of his Sixth Amendment right to effective

assistance of counsel; (3) his conviction was obtained through inaccurately translated

evidence in violation of his Fourteenth Amendment right to due process; (4) the trial court

violated the First, Fifth, Sixth, and Fourteenth Amendments when it enhanced his

sentence because he exercised his right to testify on his own behalf; and (5) his

Fourteenth Amendment right to due process was violated as a result of cumulative error

including prosecutorial misconduct and ineffective assistance of counsel.  (Docket entry

#1)

5

In his response, Mr. Hobbs argues that Mr. Rueda has procedurally defaulted all of his claims, and, therefore, the claims should be dismissed.  For the reasons set forth below, the Court recommends that Judge Marshall dismiss all of Mr. Rueda's claims.

### III.   **Procedural Default**

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c).  "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court."  *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

This Court is unable to grant federal habeas relief on a claim that the state appellate court declined to address because the petitioner failed to meet a state procedural requirement constituting an "independent and adequate state ground."  *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546 (1991)).  To be "independent and adequate," a state procedural bar must be "firmly established and regularly followed" by the time it is applied.  *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877 (2002)(citing *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).

Respondent Hobbs contends that all of Mr. Rueda's claims are procedurally defaulted because the claims were either not presented to the state courts, or the state court rendered a judgment that rested on a firmly established state law procedural ground. As discussed below, Mr. Rueda has procedurally defaulted all but one of his claims.

      A.    *Due Process - Speedy Trial*

Mr. Rueda's speedy trial claim is focused on the third count of the amended information charging him with possession with intent to deliver.  Mr. Rueda claims Arkansas Rules of Criminal Procedure 28.1(c) and 28.2(a) violate the Fourteenth Amendment to the United States Constitution.  (#1 at p. 3)

In his Rule 37 petition, Mr. Rueda claimed he was entitled to relief on the basis of ineffective assistance of counsel and the denial of due process because his trial attorney failed to file for dismissal of all charges for speedy trial violations.  (#10-4 at p. 1) Essentially, Mr. Rueda complained that the trial court misapplied excludable speedy trial periods when calculating the speedy trial time for the third count which was added in an amended information filed days before trial.  Mr. Rueda claimed that the time should not have been excluded because the charge had been filed after those excludable time periods had been counted toward the first two charges.

In its order denying relief on the Rule 37 petition, the trial court only addressed the speedy trial issue in the context of Mr. Rueda's ineffective assistance of counsel claim. (#10-5)  To the extent his Rule 37 petition raised a separate due process claim, the trial

7

court never ruled on it and it was not raised by Mr. Rueda in his appeal to the Arkansas Supreme Court.

Accordingly, the due process claim Mr. Rueda raises in his petition is procedurally defaulted, unless he can establish cause and prejudice or a miscarriage of justice, because he did not pursue it through a full round of state court proceedings.  See *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004)(a state prisoner must first fairly present the substance of each claim to each appropriate state court); see also 28 U.S.C. § 2254(b) and (c).

B.     *Ineffective Assistance of Counsel*

In this petition, Mr. Rueda raises several claims of ineffective assistance of counsel.  (#1 at pp. 5-6, 9)  Mr. Rueda raised these claims with the trial court in his Rule 37 petition.  (#10-4)  In two separate orders, the trial court denied relief on all of Mr. Rueda's ineffective assistance of counsel claims.  (#10-5, #10-6)

The only claim Mr. Rueda pursued in his appeal to the Arkansas Supreme Court was his claim that his trial counsel was ineffective for failure to move to dismiss count three of the amended information on the grounds that it violated Arkansas's speedy trial rules.  Mr. Rueda has, therefore, procedurally defaulted all of the ineffective assistance of counsel claims he raises in this petition except for his speedy trial claim which will be discussed in more detail below.

C.     *Due Process - Transcript*

8

Mr. Rueda claims that his due process rights were violated when what he claims was an "unauthenticated and inaccurate translation of a recorded drug transaction" was admitted into evidence at his trial.  Mr. Rueda raised this claim on direct appeal and in his Rule 37 petition.  The Court of Appeals rejected the due process claim on direct appeal, because neither Mr. Rueda nor his lawyer objected to the admission of the transcript of the tape at trial.  Consequently, the Court of Appeals rejected the claim on a firmly established state law procedural ground, and the claim cannot be raised here absent cause and prejudice.  (#10-5)

Mr. Rueda again raised the due process claim before the trial court in his Rule 37 petition, but Mr. Rueda never obtained a ruling from the trial court on the claim and did not pursue it on appeal to the Arkansas Supreme Court.  See *Beshears v. State*, 340 Ark. 70, 72 (2000) (if trial court does not specifically rule on an issue raised in a Rule 37 petition, the issue is not preserved for appeal).  Consequently, Mr. Rueda's due process claim related to the transcript has been defaulted unless he can establish cause and prejudice.

D.    *Sentence Based Claims*

Mr. Rueda complains that his first, fifth, sixth, and fourteenth amendment rights were violated when the trial judge penalized him for exercising his right to testify.  Mr. Rueda complains that the judge used his testimony as an "aggravating factor during

sentencing" to order that his sentences be served consecutively instead of concurrently. (#1 at p. 7)

Mr. Rueda takes issue with the trial court's statement at the time of sentencing, that at the trial Mr. Rueda, "demonstrated a willingness to get on the stand under oath and give completely false testimony in an effort to avoid a conviction.  And all those things are factors that go into my thinking when I determine the appropriate punishment."  (#10-8 at p. 12)

In his Rule 37 petition, Mr. Rueda raised this claim as an ineffective assistance of counsel claim and also as a separate due process claim alleging judicial misconduct.  The trial court only addressed Mr. Rueda's ineffective assistance of counsel claim.  (#10-6) The trial court concluded that its characterization of Mr. Rueda's testimony was correct and, therefore, counsel had not been ineffective for failing to object.  Mr. Rueda did not seek a ruling on his due process claim nor did he appeal the trial court's decision on either the due process or ineffective assistance of counsel claims to the Arkansas Supreme Court.  Consequently, the claim is procedurally defaulted unless he can establish cause and prejudice or a miscarriage of justice.

E.    *Cumulative Error*

For his last claim, Mr. Rueda complains that his Fourteenth Amendment Due Process rights were violated by the "cumulative effect of errors committed in the trial,

including but not limited to, evidentiary errors, defense counsel errors, and pro secutoral

[sic] misconduct, which together denied fundamental fairness." (#1 at p. 8)

This claim is procedurally defaulted because it was not raised in the state courts.

In addition, cumulative error is not grounds for habeas relief.  See *Middleton v. Roper*,

455 F.3d 838, 851 (8th Cir. 2006) (habeas petitioner cannot build a showing of prejudice

on a series of errors, none of which would by itself meet the prejudice test) (citing

*Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir.1996) (neither cumulative effect of

trial errors nor cumulative effect of attorney errors were grounds for habeas relief)) (other

citations omitted).

F.    *Cause and Prejudice*

Claims in a federal habeas petition not presented in the state court proceedings and

for which there is no remaining state court remedy are defaulted, and a habeas petitioner's

default will be excused only if he can "demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice." *Coleman v.

Thompson*, 501 U.S. 722, 750, 111 S.Ct.  2546, 2565 (1991).  If no cause has been shown,

the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111

S.Ct. 1454, 1474 (1991).  The cause and prejudice standard applies to procedural defaults

on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639

(1986).

Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.

In his reply to the response (#12), Mr. Rueda seems to argue that his default was caused by ineffective assistance of counsel.  Mr. Rueda again reiterates his complaints about the Arkansas Supreme Court's application of the speedy trial rules to the added charge for possession with intent to deliver.  None of the circumstances pointed to by Mr. Rueda, however, constitute cause for his procedural default.

"[A] claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S 1172, 116 S.Ct. 1578 (1996) (quotation omitted).  While Petitioner pursued one ineffective assistance of counsel claim on appeal to the Arkansas Supreme Court, the claim related to his counsel's failure to move to dismiss count three of the information on speedy trial grounds.  This claim did not establish ineffective assistance of counsel that caused his procedural default.

Because Mr. Rueda has not established cause for his failure to raise his claims with the state courts, it is not necessary to reach the question of prejudice.

G.     *Miscarriage of Justice*

Mr. Rueda also may overcome procedural default by showing that failure to hear his petition will result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence. . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Here, Mr. Rueda has not come forward with any new evidence of actual innocence in order to overcome procedural default. Thus, all of his claims except for his ineffective assistance of counsel claim related to the speedy trial issue should be dismissed for procedural default.

IV.     **Ineffective assistance of Counsel - Speedy Trial**

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

13

proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28

U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct.

2456, 2462 (2005).

A decision is an unreasonable application of federal law if the state court identifies

the correct governing legal principle from the United States Supreme Court's decisions

but unreasonably applies that principle to the facts of the prisoner's case. *Williams v.*

*Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000). "In other words, it is not enough

for us to conclude that, in our independent judgment, we would have applied federal law

differently from the state court; the state court's application must have been objectively

unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are

entitled to a presumption of correctness, absent procedural error.  Those findings may be

set aside only if they are not fairly supported by the record.  *Middleton v. Roper,* 455 F.3d

838, 845 (8th Cir. 2006) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769

(1995)).

The Sixth Amendment guarantees criminal defendants effective assistance of

counsel at every stage of a criminal trial. "That right is denied when a defense attorney's

performance falls below an objective standard of reasonableness and thereby prejudices

the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins*

*v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687

(1984)). Furthermore, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

Here, the Arkansas Supreme Court reasonably addressed Mr. Rueda's ineffective-assistance-of-counsel claims, applying the standard set forth in *Strickland*. *Rueda*, 2012 Ark. 144 at 6. The court's decision was not contrary to, or an unreasonable application of, clearly established federal law.

The court analyzed whether Mr. Rueda was prejudiced by his counsel's failure to move to dismiss the possession-with-intent to deliver charge on speedy trial grounds. The court concluded that under the Arkansas Rules of Criminal Procedure and its prior holding in *Johnson v. State*, 337 Ark. 477 (1999), the clock begins to run, for speedy trial purposes, from the date of arrest for all charges stemming from the same criminal episode, irrespective of when any charge is filed. *Rueda*, 2012 at 8. The court concluded that because a speedy trial motion lacked merit, Mr. Rueda could not have been prejudiced by his counsel's failure to raise it, and so Mr. Rueda had failed to satisfy the *Strickland* test. *Id*. at 8-10.

Further, the facts relied upon by the Arkansas Supreme Court when arriving at its decision are supported by the evidence.  The Arkansas Supreme Court's decision was not based on an unreasonable determination of the facts in the light of the evidence presented.

## V.   Conclusion

The Court recommends that Judge Marshall dismiss Mr. Rueda's petition for writ of habeas corpus with prejudice.

DATED this 14th day of March, 2013.


_____
UNITED STATES MAGISTRATE JUDGE